IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., | No. C 14-02156 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

Defendant's motion to dismiss the complaint is scheduled for hearing on September 19, 2014. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby GRANTS defendant's motion to dismiss and dismisses the action without leave to amend.

**BACKGROUND**

On May 9, 2014, pro se plaintiff Shannon O. Murphy, Sr. filed this lawsuit against the United States Postal Service ("Postal Service") alleging premises liability, professional negligence, discrimination, and breach of contract arising from his denial of postal services at a United States post office. Docket No. 1, Compl. at 2. Plaintiff alleges the following: on January 14, 2014, from approximately 3:20 p.m. to 3:55 p.m., plaintiff visited a United States post office in Martinez, California

1 to obtain postage for court papers in a case pending in the Superior Court of California. *Id*. at 3. After
2 plaintiff entered the post office, a Postal Service clerk closed the service window and did not return
3 during business hours despite being aware that customers were present, including plaintiff. *Id*. at 2. A
4 sheriff's deputy eventually escorted plaintiff and others from the premises. *Id*. at 3. The incident caused
5 plaintiff to suffer a panic attack, for which he was later diagnosed and treated at a hospital. *Id*. Plaintiff
6 seeks to recover $24,500.00 in damages for his alleged injuries. *Id*. at 4.

7 In a memorandum accompanying his complaint, plaintiff alleges that on April 4, 2014, he mailed
8 a letter addressed to the postmaster of the Martinez post office requesting forms to submit an
9 administrative claim with defendant. *Id*. at 5; *see also* Docket 13-1, Opp'n to Def.'s Mot. at 2. The
10 memorandum alleges that on April 9, 2014, two Postal Service employees contacted plaintiff by
11 telephone and denied his request. *Id*.

12 Defendant has brought the instant motion to dismiss for lack of jurisdiction pursuant to Federal
13 Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). Docket No.
14 12, Def.'s Mot. at 2. Defendant alleges that plaintiff has not filed any administrative tort claims with
15 the Postal Service. *Id*. at 7; *see also* Docket 12-1, Conny Beatty Decl. ¶¶ 4-5.

## LEGAL STANDARDS

### I.     Rule 12(b)(1) Motion to Dismiss

19 Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction
20 over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the
21 jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject
22 matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
23 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as
24 a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Safe Air for Everyone v.*
25 *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the complaint is challenged for lack of subject
26 matter jurisdiction on its face, all material allegations in the complaint will be taken as true and
27 construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.
28 1986). In deciding a Rule 12(b)(1) motion that mounts a factual attack on jurisdiction, "no presumptive

2

1 truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not 2 preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the 3 plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav.* 4 *& Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## II.     Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III.    Dismissal of Pro Se Complaints

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The complaints of pro se plaintiffs must be "liberally construed" and dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Although the district court must provide a pro se plaintiff notice of the deficiencies of the complaint prior to dismissal, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ferdik v. Bonzelet*, 963 F.3d 1258, 1261 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

3

**DISCUSSION**

**I.      Plaintiff's Premises Liability and Professional Negligence Claims**

Plaintiff asserts two tort claims, premises liability and professional negligence, against defendant United States Postal Service. Docket No. 1, Compl. at 2. Defendant argues that these claims must be dismissed for lack of subject matter jurisdiction because plaintiff has not satisfied jurisdictional prerequisites set forth by the Federal Torts Claims Act ("FTCA"). 28 U.S.C. § 1346(b). Docket No. 12, Def.'s Mot. at 6-7. The United States and its agents are immune from suit except where the United States has waived sovereign immunity and consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Under the Postal Reorganization Act ("PRA"), sovereign immunity for the Postal Service is expressly waived and the Postal Service is given the power "to sue and be sued in its official name." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004) (citing 39 U.S.C. § 401).[1] In particular, the PRA states that tort claims arising out of Postal Service activities are governed by the FTCA. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (citing 39 U.S.C. § 409(c)). The FTCA waives the United States' sovereign immunity for certain claims seeking monetary damages "arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)).[2]

The FTCA sets forth several jurisdictional prerequisites before tort claims against the United States can be brought in court. The FTCA requires parties to first file a claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a). The requirement that administrative remedies be exhausted before filing a claim is mandatory. The statute clearly states, "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28

---

[1] Section 409(a) of the PRA states that "[e]xcept as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C.A. § 409(a).

[2] The FTCA's waiver of sovereign immunity is qualified by thirteen exceptions. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006) (citing 28 U.S.C. § 2680). One such exception bars "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This exception does not apply here. Plaintiff does not allege any loss, miscarriage, or negligent transmission of the court documents he attempted to obtain postage for.

4

U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). Federal courts do not have subject matter jurisdiction unless the agency denies the claim or six months have passed since the claim was filed. *See* 28 U.S.C. § 2675(a). The Ninth Circuit has repeatedly held that "the [administrative] exhaustion requirement is jurisdictional in nature and must be interpreted strictly." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006); *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). While there may be exceptional circumstances in which it is appropriate to excuse compliance with the exhaustion requirement, the record here does not compel such a finding. *See, e.g., Bowen v. City of N.Y.*, 476 U.S. 467, 482 (1986) (statutory requirement that plaintiffs challenging agency decision exhaust administrative remedies was excused where government's secretive conduct precluded claimants from being aware that government was acting pursuant to illegal internal policy).

Plaintiff has not exhausted any administrative remedies for his premises liability and professional negligence claims. Under the FTCA, plaintiff must first file these tort claims with defendant before asserting them in court. *See* 28 U.S.C. § 2675(a). Plaintiff's allegation that two Postal Service employees denied his request for administrative claim forms does not excuse compliance with the exhaustion requirement. *See* Docket No. 1, Compl. at 5. If plaintiff is dissatisfied with the outcome of his administrative claim or if defendant fails to reach a decision within six months, then plaintiff may refile his tort claims and this Court will have subject matter jurisdiction. *See* 28 U.S.C. § 2675(a).

Pursuant to the FTCA, an administrative tort claim against the United States must be presented to "the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The Court notes that, under the FTCA, the two-year statute of limitations has not run and plaintiff still has time to exhaust his administrative remedies. The Court also notes that plaintiff's administrative tort claim need not be extensive to be exhausted. *See Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002).[3] Plaintiff only needs to file a brief written notice or statement with Defendant "containing a general description of the time, place, cause and general nature of the injury and the amount of compensation demanded." *Id*.

---

[3]Defendant noted in its motion to dismiss that administrative tort claim forms are publicly available online at the following address: http://www.justice.gov/civil/docs_forms/SF-95.pdf.

5

Defendant's motion to dismiss the tort claims is granted without prejudice to refiling after plaintiff exhausts his administrative remedies.

## II.     Plaintiff's Discrimination Claim

Defendant argues that plaintiff's discrimination claim is a complaint that must be filed with the Postal Regulatory Commission ("PRC") pursuant to 39 U.S.C. § 3662. Docket No. 12, Def.'s Mot. at 7-8. The PRC has exclusive jurisdiction over service-related complaints with the Postal Service covered by section 3662. *See LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006); *McDermott v. Potter*, No. C09-0776RSL, 2009 WL 2971585, at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom.*, *McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011). As relevant here, section 3662 provides that any person "who believes the Postal Service is not operating in conformance with the requirements of [subsection 403(c)]" must lodge a complaint with the PRC. 39 U.S.C. § 3662. Under subsection 403(c), the Postal Service shall not "make any undue or unreasonable discrimination" among postal customers unless expressly authorized by statute. 39 U.S.C. § 403(c).

Plaintiff alleges that defendant unlawfully discriminated among postal customers when a Postal Service clerk closed a service window and did not return while plaintiff attempted to obtain service. Docket No. 1, Compl. at 2. Plaintiff's discrimination claim thus contends that defendant was acting in violation of subsection 403(c). 39 U.S.C. § 403(c). Section 3662 requires such claims to be filed with the PRC. The Court does not have jurisdiction over the claim.

Defendant's motion to dismiss plaintiff's discrimination claim for lack of subject matter jurisdiction is granted with prejudice.

## III.    Plaintiff's Breach of Contract Claim

Defendant argues that plaintiff's breach of contract claim must also be lodged with the PRC pursuant to section 3662. Docket No. 12, Def.'s Mot. at 7-8. None of the subsections covered by section 3662 pertains to the Postal Service's contracts or contractual obligations, *see* 39 U.S.C. § 3662, but the PRC's exclusive jurisdiction still applies to claims that are essentially disputes over postal services, even if "[t]he words [of the complaint] echo contract." *LeMay*, 450 F.3d at 801; *see also*

6

*Richards v. Great W. Ins. Co.*, CIV. No. 11-00965 (JRT/TNL), 2012 WL 718715, at *4 (D. Minn. Mar. 5, 2012).[4]

Plaintiff alleges that defendant breached a contract when it failed to provide customers, including plaintiff, with appropriate postal services during its advertised business hours. *See* Docket No. 1, Compl. at 2. Plaintiff does not allege the existence or breach of any specific contract that he or defendant entered into, nor does plaintiff specify any particular contractual obligations that defendant may have violated. Rather, plaintiff more generally complains that he was not provided with proper postal services as advertised. *Id*. Such a service-related claim cannot avoid the reach of section 3662's administrative remedy simply because it "echo[es] contract." *LeMay*, 450 F.3d at 801. As such, the PRC has exclusive jurisdiction over plaintiff's breach of contract claim under section 3662. The Court does not have jurisdiction over the claim.

Defendant's motion to dismiss plaintiff's breach of contract claim for lack of subject matter jurisdiction is granted with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendant's Rule 12(b)(1) motion to dismiss plaintiff's claims for premises liability, professional negligence, discrimination, and breach of contract for lack of subject matter jurisdiction. Defendant's motion to dismiss plaintiff's premises liability and professional negligence claims is granted without prejudice to refiling after plaintiff exhausts his administrative remedies pursuant to 28 U.S.C. § 1346(b).

**IT IS SO ORDERED.**

Dated: September 9, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[4] The Contract Disputes Act of 1978 ("CDA"), Pub. L. No. 111-350, § 3, 124 Stat. 3677, 3816–26, bars contractual claims against the Postal Service related to contracts entered into by the Postal Service for the procurement of property, services, construction, repair, or the disposal of personal property. Pub.L. No. 111–350, § 3, 124 Stat. 3677, 3817 (2011) (codified at 41 U.S.C. § 7102(a)). *See Anselma Crossing, L.P. v. U.S. Postal Serv.*, 637 F.3d 238, 242-43 (3d Cir. 2011).

7