UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON O. MURPHY, SR.,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 14-cv-02156-SI

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 17

## BACKGROUND

On May 9, 2014, pro se plaintiff Shannon O. Murphy, Sr. filed this lawsuit against the United States Postal Service alleging premises liability, professional negligence, discrimination, and breach of contract arising from his denial of postal services at a United States post office. Docket No. 1, Compl. at 2. Plaintiff sought to recover $24,500.00 in damages for his alleged injuries. *Id*. at 4. On September 26, 2014, the Court granted defendant's motion to dismiss for lack of subject matter jurisdiction, and entered an order of final judgment on that same day. Docket Nos. 15-16. Plaintiff's premises liability and negligence claims were dismissed without prejudice for failure to exhaust administrative remedies.[1] His other claims were dismissed with prejudice, as exclusive jurisdiction rests with the Postal Regulatory Commission. Now before the Court is plaintiff's motion for reconsideration. Docket No. 17.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a

---

[1] The Court noted that at the time of the dismissal order, plaintiff still had time to file an administrative claim in order to exhaust his administrative remedies, should he wish to do so. The Court also provided the name of a website with blank copies of claim forms. Nothing in the record presented to the Court indicates that plaintiff in fact filed an administrative claim.

judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). "Reconsideration [of the judgment] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). Moreover, a Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008 ); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

## DISCUSSION

In his motion, plaintiff fails to present the Court with new evidence, demonstrate that the Court committed error, or identify an intervening change in controlling law. Instead, plaintiff's motion reiterates allegations which the Court has already found insufficient to confer subject matter jurisdiction, and expresses a general air of disagreement with the Court's prior order. Neither provides a sufficient basis to support a motion for reconsideration. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision."); *see also Exxon Shipping Co.*, 554 U.S. at 485 n.5. Further, nothing in plaintiff's papers suggests that he has in fact filed an administrative claim in order to provide for jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

Accordingly, plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: January 14, 2015

SUSAN ILLSTON
United States District Judge